IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 07 CR 692 |
| v. ) | |
| ) | Honorable Judge Joan Lefkow |
| ) | |
| EGIDIJUS VENCKAITIS ) | |

## DEFENDANT VENCKAITIS' PLEA DECLARATION

The defendant, EGIDIJUS VENCKAITIS, after extensive consultation with his attorney, GAL PISSETZKY, acknowledges and states the following:

1. The indictment in this case charges defendant with conspiracy to commit an offense against the United States, in violation of Title 18, United States Code, Section 341. (18 U.S.C. § 371).

2. Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

### Charge to Which the Defendant is Pleading Guilty

3. By this Plea, defendant will enter a voluntary plea of guilty to the indictment. The indictment charges the defendant with conspiracy to commit an offense against the United States, in violation of 18 U.S.C. § 371.

### Factual Basis

4. Defendant will plead guilty because he is in fact guilty of the charge contained in the indictment. In pleading guilty, defendant acknowledges that those facts establish his guilt beyond a reasonable doubt:

Commencing no later than on or about July 25, 2006 and continuing until on or about August 18, 2006 at Grayslake, in the Northern District of Illinois, Eastern Division and elsewhere, the defendant and co-defendant JAY WESTERGAARD, did knowingly conspire with Foreign National A, Foreign National B, each other and others known and unknown to the Grand

1

Jury to commit an offense against the United States. The offense was to have Foreign National A and Foreign National B enter into marriages for the purpose of evading a provision of the immigration laws, namely Title 8, United States Code, §§ 1154 and 1186a; provisions which restrict the availability of legal permanent resident status, applied for on the basis of marriage to a United States Citizen, to those foreign nationals who have entered into the marriage in good faith and not for the purpose of procuring the foreign national's admission as an immigrant, in violation of Title 8, United States Code, Section 1325(c); and to knowingly not disclose all material facts with respect to the circumstances of Foreign National A's marriage and Foreign National B's marriage, each a matter within the jurisdiction of USCIS, an agency within the executive branch of the Government of the United States, namely that Foreign National A's marriage to a United States Citizen and Foreign National B's marriage to a United States Citizen would not be entered into in good faith, but would be entered into for the purpose of permitting Foreign National A and Foreign National B to evade the immigration laws of the United States, in violation of Title 18, United States Code, Section 1001(a)(1), all in violation of 18 U.S.C. § 371.

Specifically, the defendant acknowledges that it was part of the conspiracy to have Foreign National A enter into a marriage with a United States citizen so that Foreign National A could reside in the United States as a permanent resident, and that it was further part of the conspiracy to have Foreign National B enter into a marriage with a United States citizen so that Foreign National B could reside in the United States as a permanent resident.

On or about August 18, 2006, the defendant traveled with Foreign National A and Foreign National B to the Cook County Courthouse located in Skokie, Illinois, in the Northern District of Illinois so that Undercover Agent A and Cooperating Individual B could meet their future spouses, Foreign National A and Foreign National B, for the first time. The defendant, Foreign National A and Foreign National B met with WESTERGAARD, Undercover Agent A, Cooperating Individual A and Cooperating Individual B at the Skokie Courthouse. During this meeting, VENCKAITIS discussed the terms of the arranged marriage with both Undercover Agent A and Cooperating Individual B. VENCKAITIS explained how Undercover Agent A and Foreign National A would enter the Skokie courthouse for the purposes of obtaining a marriage license; VENCKAITIS also explained to Cooperating Individual B and Foreign National B the process of entering the Skokie courthouse to obtain a marriage license.

## Maximum Statutory Penalties

5.  Defendant understands that the charge to which he will plead guilty carries the following statutory penalties:

    a. A maximum sentence of five (5) years imprisonment; a maximum fine of $250,000; and a possible term of supervised release of not more than three (3) years.

    b. In accordance with Title 18, United States Code, Section 3013, defendant will be assessed $100 on the charge to which he is pleading guilty, in addition to any other penalty imposed.

## Preliminary Sentencing Guidelines Calculations

6.  Defendant understands that in imposing sentence the Court will be guided by the United States Sentencing Guidelines. Defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in determining a reasonable sentence.

7.  For the purposes of applying the advisory guidelines promulgated by the United States Sentencing Commission pursuant to Title 28, United States Code, Section 994, it is Defendant's preliminary position that the following advisory guidelines calculations might apply:

   (a.) **Applicable Guidelines.** The Sentencing Guidelines to be applied in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 2007 Guideline Manual.

   (b.) **Offense Level Calculations.**

   a. Mr. Venckaitis believes that, pursuant to Guideline § 2L2.1, the base offense level is 11.

   b. Mr. Venckaitis believes that, pursuant to Guideline § 2X1.1(b)(2), the offense level should be decreased by 3 levels because the conspiracy was incomplete as to

3

       all the acts deemed necessary on his and the co-conspirator's part for the successful completion of the substantive offense.

   c. Mr. Venckaitis admits his guilt, is extremely remorseful for his crime and accepts full responsibility for his action. He understands that, under Guideline § 3E1.1(a), a 2 level reduction for acceptance of responsibility is appropriate if this Honorable Court, in fact finds that Mr. Venckaitis has accepted responsibility for his action.

   d. Mr. Venckaitis reserves the right to request a downward departure or variance on any grounds he deems appropriate and pursuant to 18 U.S.C. § 3553. He understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

(c.) **Criminal History.** With regard to Mr. Venckaitits' criminal history points and criminal history category, based on the facts now known the government and defense counsel and stipulated below, defendant's criminal history points equal 0 and defendant's criminal history category is I.

(d.) **Anticipated Advisory Sentencing Guideline Range.** Therefore, based on the facts known to Mr. Venckaitis at this time, his advisory guideline range, base on an adjusted offense level of 6 with a criminal history I, is 0-6 months of incarceration.

(e.) Defendant understands that the probation office and the government will conduct their own investigations and that the Court will ultimately determine the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

(f.) Defendant and the government further acknowledge that, at the time of sentencing, each party is free to recommend to the judge whatever sentence they deem appropriate, including probation.

(g.) Errors in calculations or interpretation of any guidelines or laws may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines or laws and their application.

### Trial Rights and Appellate Rights

8. Defendant understands that by pleading guilty he surrenders certain rights, including the following:

(a) **Trial rights.** If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial.

i. The trial could either be a jury trial or trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

ii. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualifications is shown, or without cause by exercising so-called peremptory challenges.

iii. If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each count of the indictment separately. The jury would have to agree unanimously before it could return a verdict or either guilty or not guilty.

iv. If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not he was persuaded of defendant's guilt beyond a reasonable doubt.

v. At a trial, whether by a jury or judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi. At a trial, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through subpoena power of the Court. A defendant is not required to present any evidence.

vii. At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

(b)     **Appellate rights.** Defendant further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty and the legality of the sentenced imposed.

(c)     Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraphs. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Limitations and Consequences of this Plea Declaration

9.      Defendant understands that the United State's Attorneys Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of his conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Defendant further understands that he will be able to present evidence in mitigation at the time of sentencing.

10.     Defendant understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. §3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guidelines range in one factor which this Court is required to take into consideration under 18 U.S.C. §3553(a)(4), along with the other required factors under §3553(a).

11.     Should this Court refuse to accept defendant's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later proceedings pursuant to Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410.

12.     The defendant understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they believe are lawful and appropriate.

13.     The defendant understands that this plea declaration and accompanying plea resolve all criminal charged brought in connection with the case 07 CR 692, brought in the Northern District of Illinois, Eastern Division.

14. Defendant agrees that this Plea Declaration shall be filed and become part of the record of the case.

15. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Defendant further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this 28 day of July, 2008.

_____
EGIDIJUS VENCKAITIS, Defendant

By: _____
Gal Pissetzky
Attorney for Defendant

GAL PISSETZKY
Pissetzky & Berliner, P.C.
53 W. Jackson Blvd., Suite 1403
Chicago, Illinois 60604
(312) 566-9900

7